| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01385-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**<br><br>21-DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

　　　　Plaintiff Raymond C. Watkins is proceeding *pro se* and *in forma pauperis* in this civil rights action. On October 10, 2018, the Court issued an informational order informing Plaintiff of requirements to pursue this action, including the requirement to keep the Court informed of his current address. (Doc. 3.) The order provides that, if mail directed to Plaintiff is returned by the United States Postal Service (USPS) as undeliverable, and Plaintiff's address is not updated within 63 days, the Court will dismiss the case for failure to prosecute. (*Id.* at 5.)

　　　　On December 11, 2019, the USPS returned the Court's second screening order (Doc. 10) as undeliverable. Although more than 63 days have passed, Plaintiff has failed to update his address.

　　　　A *pro se* plaintiff must keep the Court and opposing parties informed of his correct address. Local Rules 182(f), 183(b). If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed

received even if not actually received. Local Rule 182(f). If mail directed to a *pro se* plaintiff at the address of record is returned by the USPS, and the plaintiff fails to notify the Court of his current address within 63 days thereafter, the Court may dismiss the action for failure to prosecute. Local Rule 183(b).

In addition, the Local Rules provide, "[f]ailure … of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and the Local Rules, which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** why this action should not be dismissed for his failure to prosecute. Alternatively, within that same time, Plaintiff may update his address with the Court and respond to the Court's second screening order (Doc. 10), <u>or</u> file a notice of voluntary dismissal of this case.

IT IS SO ORDERED.

Dated:   **February 27, 2020**          /s/ *Sheila K. Oberto*          
UNITED STATES MAGISTRATE JUDGE